IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH JONES, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 1:08cv459-WC |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Kenneth Jones applied for disability insurance benefits pursuant to Title XVI of the Social Security Act (the Act). *See* 42 U.S.C. §§ 401 *et. s*eq., 1381 *et, seq*. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #11); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.   ISSUES**

   ***A.   Introduction***

Plaintiff was twenty-nine years old and had completed the tenth grade at the time of the hearing before the ALJ. (Tr. 17). Employing the five-step process, the ALJ found

4

Plaintiff had not engaged in substantial gainful activity since August 22, 2005, the application date. (Step 1). (Tr. 15). At Step 2, the ALJ found Plaintiff suffered from the severe impairments of: history of congestive heart failure, diabetes mellitus, hypertension, asthma, and history of cardiomyopathy. *Id*. Nevertheless, the ALJ found Plaintiff did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). (Tr. 16). At Step 4, the ALJ determined Plaintiff did not possess the RFC to perform his past relevant work as a construction worker and machine operator. (Tr. 21). At Step Five, the ALJ evaluated Plaintiff's RFC, age, education, and work experience, consulted a VE, and determined Plaintiff possessed the RFC to perform jobs that exist in significant numbers in the national economy. (Tr. 22). Consequently, the ALJ found Plaintiff was not disabled within the meaning of the Act. *Id*.

### B.     *Plaintiff's Claims*

Plaintiff's claims are as follows: (1) Whether the ALJ erred in determining Plaintiff's mental impairments are non-severe; and (2) Whether the ALJ's RFC determination lacks the support of substantial evidence. The Court will address both of these issues below.

**IV.   DISCUSSION**

   ***A.   Whether the ALJ erred in determining Plaintiff's mental impairments are non-severe.***

The ALJ expressly determined that Plaintiff's "alleged mental impairments of schizophrenia, psychotic disorder, depression and personality disorder are non-severe impairments. The record as a whole reflects that these alleged conditions have not significantly limited [Plaintiff]." (Tr. 15). Plaintiff takes exception to this determination and points this Court to the potent anti-psychotic medications prescribed to Plaintiff and the medical opinions expressed by the Clinical Director and Therapist at SpectraCare as evidence of mental impairments that impose workplace limitations.  (Doc. #13 at 7-8).

Plaintiff bears the burden of proving he has a severe impairment or combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.1999). "An impairment or combination of impairments is not severe if it does not significantly limit [Plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The ALJ determined that Plaintiff's alleged mental impairments were not severe enough to limit his ability to perform work or basic daily activities.

In his decision, the ALJ noted that Plaintiff had received very limited treatment for his alleged mental illnesses.  (Tr. 15).  As the ALJ stated, there is only one treatment note in the record that reflects Plaintiff's claimed mental symptoms and condition.  *Id*.  As to the

6

medication, the ALJ found it significant, that prior to the only medical exam relating to mental issues in the record, Plaintiff's "medications were refilled without any notations as to treatment or evaluation," and that the treatment notes reflect that Plaintiff informed his physician "that he had stopped taking all of his medications except for one." *Id*.

The ALJ properly followed 20 C.F.R. § 416.920a (2008), in determining that Plaintiff was not limited in his ability to maintain activities of daily living, social functioning, concentration, persistence, and pace, and had experienced no episodes of decompensation (Tr. 15). The medical record evidence in this case supports the ALJ's determination. The notes by the other treatment providers state that Plaintiff had a normal mood and affect. *See* (Tr. 231, 240-41, 286). Further Plaintiff's treatment notes indicate that he repeatedly stated he did not need assistance with daily activities. *See* (Tr. 232, 241, 320).

As to the medical opinions expressed by the Clinical Director and Therapist at SpectraCare, the non-treating and non-examining director and co-director of SpectraCare opined that Plaintiff suffered from a long history of delusions and paranoid thoughts. (Tr. 290-92). While the ALJ was required to consider their opinions, "standing alone [they] do not constitute substantial evidence. Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (internal citations omitted).[5] As stated above, the medical record evidence in this case

---

[5] Plaintiff also argued that the ALJ should have ordered clarification from the non-treating and non-examining director and co-director as to their opinions since he doubted how they arrived at their opinions. However, the ALJ was not obligated to recontact the director or co-director, because

7

is not consistent with the SpectraCare opinions. Further, the ALJ properly noted that the SpectraCare treatment notes were vague and failed to reflect signs or symptoms of Plaintiff's impairments. (Tr. 20).

Accordingly, this Court finds Plaintiff did not meet his burden to prove his mental impairments were severe, and the record in this case supports the ALJ's determination.

### B.    Whether the ALJ's RFC determination lacks the support of substantial evidence.

Plaintiff's argument here relates to the ALJ's assignment of determinative weight to Dr. Williams. Plaintiff does not object to this assignment, but argues that such an assignment is inconsistent with the RFC. (Doc. #13 at 9). The ALJ's RFC determination was that Plaintiff could perform light unskilled work, which included the ability to occasionally lift or carry up to 20 pounds and sit, stand, or walk for at least six hours in an eight-hour workday (Tr. 16-21). Plaintiff argues that Dr. Williams's statements that Plaintiff became short of breath on periodic exertion, but was generally able to take a shower without becoming short of breath, and that he could walk up one flight of stairs "if pressed," are inconsistent with the ALJ's RFC determination. The Court does not agree.

Dr. Williams states in his report that Plaintiff is "disabled in the sense he cannot perform strenuous labor." (Tr. 160). It was this opinion to which the ALJ assigned

---

substantial evidence in the record existed to support the ALJ's determination. *See Couch v. Astrue*, 267 Fed. App'x. 853, 855 (11th Cir. 2008); *see also Osborn v. Barnhart*, 194 Fed. App'x. 654, 668 (11th Cir. 2006).

determinative weight. In other words, by assigning determinative weight to Dr. Williams's opinion, the ALJ was precluded from making a determination that Plaintiff's RFC could entail anything significantly more than light unskilled work.

Further, the context of the ALJ's findings is important. There was evidence in the record that Plaintiff might be able to perform more than light work. Plaintiff himself testified that he could "sit all day" and could lift 50 pounds (Tr. 322-23). Treatment notes reveal Plaintiff's physical examinations were repeatedly normal (Tr. 125, 144-46, 217), and that his lungs were clear to auscultation and his heart had normal rate and rhythm (Tr. 150, 160-61, 231). Dr. Banner noted that Plaintiff had 5/5 strength in his upper and lower extremities and a full range of motion in his shoulders, elbows, wrists, hips, knees, back, and ankles. *See* (Tr. 19). Thus, the ALJ's determination that Dr. Williams's opinion was determinative as to the level of work Plaintiff could perform was to Plaintiff's favor. The ALJ's finding, in this context, is as follows: "The undersigned herein has assigned determinate weight to Dr. Williams's opinion that [Plaintiff] would not be able to perform strenuous labor due to his condition, and has found that [Plaintiff] would be limited to the performance of work at a light, or less strenuous, level of exertion." (Tr. 19). The Court finds no error with this assignment, as the record evidence supports such a determination and it is not inconsistent with the RFC.

Within this subsection, Plaintiff also raises claims that the ALJ failed to provide a rationale for his implicit finding that Plaintiff's obesity was non-severe and that the ALJ

9

erred when he failed to include any non-exertional limitations in his RFC.  As stated above, Plaintiff has the burden to prove his claims are severe.  *Jones,* 190 F.3d at 1228.  As the Commissioner stated in his brief, "neither Plaintiff nor his attorney raised the issue of obesity or alleged that obesity imposed any additional work-related limitations (Tr. 303-329). Additionally, Plaintiff did not allege that obesity was a disabling condition in his Disability Report (Tr. 92)."  (Doc. #16 at 10-11).  Furthermore, Plaintiff has failed to show how his obesity affects his ability to perform light work.

This issue was addressed by the Court of Appeals for the Ninth Circuit in *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) as follows:

> An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.
>
> As the Social Security Ruling explains, each case should be evaluated based on the record. SSR 02-01p (2002).
>
> The district court properly noted: There was no evidence before the ALJ, and none in the record, which states that claimant's obesity limits her functioning. Neither treatment notes nor any diagnoses addressed claimant's limitations due to obesity. The medical record is silent as to whether and how claimant's obesity might have exacerbated her condition. Moreover, claimant did not present any testimony or other evidence at her hearing that her obesity impaired her ability to work.
>
> Even on appeal, Burch has not pointed to any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis . . . .We therefore conclude that the ALJ did not commit reversible error by failing to consider Burch's obesity.

10

As in *Burch*, there is nothing in the medical evidence in this case to suggest that Plaintiff's obesity would effect his ability to work.[6] *See also e.g., Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) (Rejecting Plaintiff's argument that the ALJ committed reversible error by failing to address his obesity where no treating doctors suggested obesity imposed any additional work-related limitations and Plaintiff did not testify that his obesity imposed additional restrictions). This Court agrees with the reasoning in *Burch* and, likewise, finds no error in this case.

Neither does the Court find that the ALJ erred in failing to include non-exertional limitations of fatigue in his RFC findings. It is axiomatic that the ALJ would not include limitations in the RFC he had determined to be incredible. Here, the ALJ found that Plaintiff's claims of fatigue were incredible because Plaintiff had failed to follow prescribed treatment. (Tr. 21, 188, 286, & 294); *see Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (allowing an ALJ to consider noncompliance with prescribed treatment in discrediting allegations of disability, where noncompliance was supported by medical evidence in the record). Accordingly, no error occurred.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the

---

[6] As the Commissioner correctly states: "while the medical evidence of record generally demonstrates that treatment providers noted Plaintiff's weight as part of physical examinations and instructed him to lose weight, no treatment provider indicated that obesity resulted in any restrictions on Plaintiff's ability to perform work-related activities (Tr. 118-77, 186-299)." (Doc. #16 at 11).

Court concludes that the ALJ's non-disability determination is due to be affirmed. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgment is entered herewith.

DONE this 23rd day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE